IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCOTT E. KIRK, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 20-245-LPS |
| ANDREW SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY | : | |
| Defendant. | : | |

Angela Pinto Ross, DOROSHOW, PASQUALE, KRAWITZ & BHAYA, Wilmington, DE

    Attorney for Plaintiff

David C. Weiss, UNITED STATES ATTORNEY FOR THE DISTRICT OF DELAWARE, Wilmington, DE

Heather Benderson, SPECIAL ASSISTANT UNITED STATES ATTORNEY, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, PA

Brian C. O'Donnell, Melissa K. Curry, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, PA

    Attorneys for Defendant

**MEMORANDUM OPINION**

July 7, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

Pending before the Court are the parties' motions for summary judgment in this social security benefits appeal. Underlying these motions is Plaintiff Scott E. Kirk's ("Kirk") application for social security benefits, filed on March 29, 2016, for a disability with an onset date of August 17, 2015. (D.I. 7 at 27) ("Transcript" or "Tr.") Kirk's application was denied twice: initially on December 9, 2016, and again on reconsideration on February 15, 2017. (*Id.*) Kirk requested a hearing, which occurred on March 19, 2019. (*Id.*) At the hearing, an administrative law judge ("ALJ") considered Kirk's evidence and determined him ineligible for benefits. (*Id.* at 24-37)

Kirk appealed the ALJ's decision to the Social Security Administration's Appeals Council and received an unfavorable decision there as well. (*Id.* at 13-17) He then filed the operative complaint here on February 20, 2020, invoking his statutory right under 42 U.S.C. § 405(g) to judicial review of an adverse Social Security benefits decision. (D.I. 1) Kirk filed his motion for summary judgment on March 1, 2021, seeking a remand for further proceedings or for a benefits award in his favor, arguing that the Social Security Commissioner erred in failing to consider medical evidence pertinent to his symptoms of depression and anxiety. (D.I. 12, 13) The Commissioner of Social Security, Andrew Saul ("Commissioner"), filed a cross-motion for summary judgment, contending that substantial evidence supports the underlying findings of the ALJ. (D.I. 14, 15)

After considering the briefing (*see* D.I. 13, 15, 18) and Transcript, the Court will grant Kirk's motion and remand this matter to the Commissioner. The Court will deny the Commissioner's motion.

## I. LEGAL STANDARDS

The Court must uphold the Commissioner's factual decisions if they are supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence has been defined as "more than a mere scintilla." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (internal quotation marks omitted). The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

The Third Circuit has explained that:

> A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (*e.g.*, that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.

*Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Thus, the inquiry is not whether the Court would have made the same determination but, rather, whether the Commissioner's conclusion was reasonable. *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

In determining whether substantial evidence supports the Commissioner's findings, the Court may not undertake a de novo review of the Commissioner's decision and may not re-weigh

2

the evidence of record. *See Monsour*, 806 F.2d at 1190-91. Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." *Gonzalez v. Astrue*, 537 F. Supp. 2d 644, 657 (D. Del. 2008) (internal quotation marks omitted). The Court's review is limited to the evidence that was actually presented to the ALJ. *See Matthews v. Apfel*, 239 F.3d 589, 593-95 (3d Cir. 2001).

Social security benefits claims are analyzed pursuant to a five-step framework. If at any point the evidence demonstrates a disability under the meaning of the Social Security Act, then the applicant is entitled to benefits. The Commissioner analyzes whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that meets or equals the requirements of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work in the national economy." (D.I. 15 at 5) (citing 20 C.F.R. § 404.1520)

## II. DISCUSSION

On appeal, Kirk raises two issues: (1) the Commissioner failed to address his depression and anxiety, and (2) the Commissioner failed to adequately assess the opinions of his treating physicians. (D.I. 13 at 10-16) The Court agrees with Kirk on both points.

In analyzing the nature and severity of Kirk's medical conditions, the ALJ erred by not determining whether Kirk's symptoms of depression and anxiety rose to the level of disability.[1]

---

[1] While the failure to list Kirk's depression and anxiety as a "severe impairment" at step two may have itself been harmless, because the ALJ did not deny benefits at step two (*see* D.I. 15 at 8-9; *see also Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007)), that failure carried through to the ALJ's assessment of Kirk's residual functional capacity, where it was not harmless, as explained further in this opinion.

3

Kirk asserted before the ALJ that his depression and anxiety were impairments. (*See* Tr. at 247)
The record contains evidence that could support a finding he had these impairments. For example,
a psychological evaluation by Caren Coffy-McCormick revealed severe depression and anxiety.
(Tr. at 540, 544; *see also id.* at 547-50 (reporting continued severe depression); *id.* at 604-07
(same)) Kirk writes persuasively:

> Despite this substantial evidence, the ALJ failed to address these
> impairments in her decision and consider how they would affect
> Kirk's ability to perform work. The ALJ did not consider how these
> mental health limitations in coordination with his chronic fatigue
> syndrome would affect his ability to maintain concentration,
> persistence, and pace; understand and remember; interact with others
> and adapt or manage himself. She also offered no explanation for not
> considering these impairments or ma[king] any severity findings.
> Even if the impairments were considered non-severe, they may
> impose restrictions on Kirk's ability to work.

(D.I. 13 at 10) "An ALJ is required to consider impairments a claimant says he has, or about which
the ALJ receives evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal
quotation marks omitted).

It is correct, as the Commissioner writes, "the ALJ determined that Plaintiff had moderate
limitations in understanding, remembering, or applying information" (D.I. 15 at 9), but it is also
true, as Kirk points out, that the ALJ did so only in the context of Listing 12.02, directed to
neurocognitive disorders, and "not under the parameters for either Listing 12.04 or 12.06 for
depression and anxiety" (D.I. 18 at 3). As far as the record reveals, the ALJ only considered
"listings 1.02 (major dysfunction of a joint(s) (due to any cause)), 9.00 (endocrine disorders), and
12.02 (neurocognitive disorders)." (Tr. at 30) "Considering the records indicating that [Kirk] has
generalized anxiety disorder were part of the record, which were readily available to the ALJ, [s]he
should have considered this impairment and indicated such in [her] decision." *Scott v. Saul*, 2019

WL 3817508, at *5 (D. Del. Aug. 14, 2019).

The Commissioner suggests that the ALJ performed the sort of analysis that Kirk says was not performed. (D.I. 15 at 9-12) Nothing in the record supports the Commissioner's speculation. The pertinent evidence (from Ms. Coffy-McCormick and Drs. Renzulli and Prosseda) is only referenced in connection with anger control, confusion, and adaptation – not depression and anxiety. (Tr. at 30-31) While she states she "carefully considered the specific requirements of the relevant listings" (*id.* at 30), this blanket statement is insufficient, in context, to permit meaningful appellate review. *See Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981).

The failure to consider Kirk's depression and anxiety impairments impacted the ALJ's residual function capacity ("RFC") determinations. The ALJ's conclusion that "the claimant is limited by the combined effects of his impairments, but not to the degree alleged" (Tr. at 35) is hampered by the lack of attention to Kirk's other potential impairments. The ALJ's opinion "fails to consider that the cumulative effect of multiple mental illnesses could change the ALJ's impression of the severity of [Kirk's] limitations;" had the ALJ "considered [Kirk's] depression and anxiety together," she "might have concluded that [Kirk] has more than a mild limitation." *Scott*, 2019 WL 3817508 at *5; *see also Cotter*, 642 F.2d at 704 (stating ALJ's finding of RFC must "be accompanied by a clear and satisfactory explication of the basis on which it rests").

The ALJ found that "[n]o treating or examining physician has mentioned any findings equivalent in severity to any listed impairment." (Tr. at 30) As Kirk points out, however, his treating medical consultant, Caren Coffy-McCormick, diagnosed him with major depression and anxiety disorders, as evidenced by prescription of Cymbalta and Trazadone. (*See* D.I. 18; Tr. at 582-87) While Ms. Coffy-McCormick is not a physician, her diagnosis is supported by medical treatment transcripts from Drs. Beth Renzulli and Julie Prosseda. (*See e.g.*, Tr. at 604-05, 607)

The ALJ gave Dr. Renzulli's opinion no weight "because a finding of disability is an issue reserved to the Commissioner." (Tr. at 35) While the legal question of disability is reserved to the Commissioner (*see* 20 C.F.R. § 404.1545(a)), the ALJ's statement wholly discounts the evidentiary value of the medical evidence without explanation. Moreover, the ALJ made no findings on Dr. Prosseda's treatment records, a point which the Commissioner concedes. (D.I. 15 at 16)

The Commissioner suggests that the ALJ considered the medical records and merely declined to give them weight because they are "checkbox" analyses. (D.I. 15 at 13-16) This contention is belied by the Commissioner's acknowledgements that the ALJ did not consider Dr. Renzulli's opinions at all and did not rely upon Dr. Prosseda's statements except in relation to chronic fatigue syndrome. (*See* D.I. 15 at 16) Even if the ALJ "may" have declined to give weight because of checkbox analyses, that reasoning is not present in the ALJ's opinion, and so the Court cannot credit the Commissioner's post hoc argument. *See Cotter*, 642 F.2d at 707 ("The ALJ's failure to explain his implicit rejection of this evidence or even to acknowledge its presence was error."). It was error for the ALJ to fail to weigh, or even analyze the opinions of these two medical professionals, as well as Ms. Coffy-McCormick, in connection with the impact of depression and anxiety. *See Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004); *see also Fargnoli v. Massanari*, 247 F.3d 34, 43-44 (3d Cir. 2001).

Without the ALJ's actual evaluation of the cumulative effect of Kirk's anxiety and depression, the Court cannot conclude that the ALJ's decision is supported by substantial evidence. "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v.*

6

*Lorion*, 470 U.S. 729, 744 (1985). On remand, the Commissioner should determine whether Kirk's depression and anxiety combine to create a substantially equivalent limitation to Listing 12.04 and/or 12.06 and, if so, what impact those conditions have on his RFC and, ultimately, his entitlement to benefits. *See Woodson v. Saul*, 2020 WL 1506281, at *2 (D. Del. Mar. 20, 2020) (remanding). Also on remand, the ALJ must consider and address the medical source opinions, including those of Drs. Renzulli and Prosseda. *See* Soc. Sec. Ruling 96-8p; *see also Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993).

## V. CONCLUSION

An appropriate order follows.